*Geo. W. Jolly,* for *appellants.*

*Sweeney & Son,* for *appellees.*

---

### J. W. WARE *v.* CLARK'S RUN AND SALT RIVER TPK. CO.

[Abstract Kentucky Law Reporter, Vol. 3—325.]

**Liability of Turnpike Company.**

As long as a turnpike company controls a road and takes toll it is bound to keep its road free from obstructions and safe for the passage of persons and property, and for its failure to do so it is liable for injury caused thereby.

**Petition for Damages.**

A petition against a turnpike company, for damages caused by the road being obstructed by a wagon, must allege and prove either that the wagon was placed in the road with the knowledge or by the permission of the company, or that it was there under the authority or permission of the company.

APPEAL FROM BOYLE CIRCUIT COURT.

October 4, 1881.

OPINION BY JUDGE LEWIS:

While an incorporated turnpike road company owns, controls and takes toll upon a road they are bound to keep it free from obstructions and in a condition safe for the passage of persons and property; and for their failure to do so they are liable for any injury caused thereby to persons passing over it, as well as to the penalties imposed by law.

Though a chartered turnpike is the private property of the company, it is also a public thoroughfare upon which any person may lawfully travel, whether he be required by the terms of the charter to pay toll or not. Besides, the legislature has for the benefit and profit of these companies prohibited the opening of lateral roads to run within one mile of a chartered turnpike road, whereby persons residing upon or near to the latter roads have no other outlet.

But the petition is defective in the failure of the plaintiff to allege either that the particular wagon by which he was injured was placed in the road with the knowledge or permission of the company, or that the obstructions alleged by him to have been constantly placed in the road with the knowledge and permission of the company were at the same place he received the injury, or where he was in the habit of passing. They may have been at a point upon the road distant from where he was injured. Before he can recover the plaintiff must allege and prove either that this particular wagon was placed in the road with the knowledge or by the permission of the company, or that it was there under the general authority or permission of the company for wagons to be placed in the road at that place.

Wherefore the judgment of the court below is *affirmed*.

*A. B. McFerran, for appellant.*

*Durham & Jacobs, for appellee.*